IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
(HEARD AT DAYTON)
March 2000 Session

## STATE OF TENNESSEE v. BRANDON WILSON

**Appeal from the Circuit Court for Blount County**
**Nos. C-8439, 9081-9087     D. Kelly Thomas, Jr., Judge**

---

**No.  E1996-00006-SC-R11-CD - Filed September 18, 2000**

---

This is an appeal from the Circuit Court for Blount County, where Brandon Wilson, the defendant, pleaded guilty to seven counts of delivery of cocaine and to three counts (merged by the trial court into one count) of possession of cocaine with the intent to sell or deliver.  Wilson appealed to the Court of Criminal Appeals contending, inter alia, that his indictments were legally insufficient and that the trial court erred in accepting the guilty plea because it was not voluntarily entered.  The Court of Criminal Appeals agreed and reversed Wilson's convictions on all counts.  We hold that the seven indictments for delivery of cocaine are sufficient; Wilson's convictions on these indictments are, therefore, reinstated.  Additionally, because the issue concerning the voluntariness of Wilson's plea was not properly before the intermediate appellate court, we reinstate the conviction for possession of cocaine.  This reinstatement is without prejudice to Wilson's right to file a petition for post-conviction relief within the appropriate time.[1]

**Tenn. R. App. P. 11 Appeal by Permission from Appellate Court to Supreme Court; Judgment of the Court of Criminal Appeals Reversed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., FRANK F. DROWOTA, III, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Marvin E. Clements, Jr., Assistant Attorney General, Michael L. Flynn, District Attorney General, Philip Morton, Assistant District Attorney General, for the appellant, State of Tennessee.

Mack Garner, Public Defender, George H. Waters, Assistant Public Defender, for the appellee, Brandon Wilson.

**OPINION**

---

[1] Oral argument was heard in this case on March 29, 2000, in Dayton, Rhea County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

## I. Introduction

We granted this appeal to determine the sufficiency of seven indictments charging Brandon Wilson, the defendant, with delivery of cocaine and to determine if the issue of whether Wilson knowingly and voluntarily pleaded guilty to the charge of cocaine possession with intent to sell or deliver was properly before the Court of Criminal Appeals on direct appeal. After reviewing the relevant authorities, we hold that the seven indictments for delivery of cocaine were sufficient. Wilson's convictions for these charges are, therefore, reinstated. Additionally, because the issue concerning the voluntariness of Wilson's plea was not properly before the intermediate appellate court, we reinstate the conviction for possession of cocaine. This reinstatement is without prejudice to Wilson's right to file a petition for post-conviction relief at an appropriate time.

## II. Background

Wilson entered pleas of guilty to six counts of delivering one-half gram or more of cocaine, a Class B felony;[2] three counts (merged by the trial court into one count) of possession of less than one-half gram of cocaine with the intent to sell or deliver, a Class C felony;[3] and one count of delivery of less than one-half gram of cocaine, a Class C felony.[4]

Prior to entering the pleas, and with trial imminent, Wilson filed a motion seeking a mental examination to evaluate his competency. After a hearing, the trial court denied Wilson's motion but ruled that should he be found guilty, the court would order a mental evaluation for sentencing purposes. After a short recess, Wilson entered the guilty pleas.

The trial court sentenced Wilson as a Range I, standard offender to ten years in the Department of Correction for each of the Class B felonies. The court sentenced Wilson as a Range II, multiple offender to serve six years for each Class C felony. The trial court levied fines totaling $7,000 and ordered the sentences to be served concurrently.

On appeal, Wilson contended, inter alia, that the indictments were insufficient because they did not allege the essential culpable mental state, "knowingly," as required by Tenn. Code Ann. § 39-17-417 and that the trial court erred because Wilson was incompetent to plead guilty.[5] Finding that the seven indictments for delivery of cocaine were insufficient, the Court of Criminal Appeals

---

[2] Tenn. Code Ann. § 39-17-417(c)(1) (Supp. 1993).

[3] Tenn. Code Ann. § 39-17-417 (Supp. 1993).

[4] Tenn. Code Ann. § 39-17-417(c)(2) (Supp. 1993).

[5] In his brief to the Court of Criminal Appeals, Wilson only contended that he was incompetent to enter a plea and did not address the issue of whether he knowingly and voluntarily pleaded guilty. The Court of Criminal Appeals, however, apparently reframed Wilson's argument to include a challenge to the knowing and voluntary nature of his plea under Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d. 274 (1969). In so doing, the Court of Criminal Appeals addressed both issues.

reversed the convictions and dismissed the charges. The Court of Criminal Appeals also reversed Wilson's conviction for possession of cocaine on the basis that he had not knowingly and voluntarily entered into the plea.

The State of Tennessee appeals the Court of Criminal Appeals's decision. The State contends that the indictments for the delivery of cocaine are legally sufficient. Moreover, the State insists that the issue of whether Wilson was competent to enter a guilty plea, or if he did so knowingly and voluntarily, was not properly before the Court of Criminal Appeals on direct appeal. Thus, the State insists that Wilson's convictions should be reinstated. Wilson, on the other hand, insists that the seven indictments for delivery of cocaine are insufficient because they do not allege the culpable mental state of "knowingly" as required by Tenn. Code Ann. § 39-17-417 and that his Boykin claim, that is, whether he knowingly and voluntarily entered the guilty plea, was properly before the Court of Criminal Appeals on direct appeal. Accordingly, Wilson insists that the judgment of the Court of Criminal Appeals should be affirmed.

### III. Standard of Review

Because the issues before us are questions of law, our review is de novo. State v. Davis, 940 S.W.2d 558, 561 (Tenn. 1997).

### IV. Discussion

A. Sufficiency of the Indictments

We first address the issue of the sufficiency of the seven indictments charging Wilson with the delivery of cocaine. The resolution of this issue is controlled by our decisions in Ruff v. State[6] and State v. Carter.[7]

In Ruff, we were asked to determine the sufficiency of an indictment for aggravated kidnaping when the indictment referenced the appropriate statute but failed to include the mens rea required under the statute. Id. at 99. Reasoning that by referencing the aggravated kidnaping statute the defendant was placed on notice of the mental state required to commit the offense, we found the indictment legally sufficient. Id. Similarly, in Carter, we were asked to determine whether two indictments for felony murder, which referenced the felony murder statute but failed to include the statutorily required mens rea for the offense, were legally sufficient. 988 S.W.2d at 148. We held again that the indictments were legally sufficient because, by referencing the felony murder statute, the defendant was provided notice of the required mens rea. Id. at 149.

---

[6]978 S.W.2d 95 (Tenn. 1998).

[7]988 S.W.2d 145 (Tenn. 1999).

Both Ruff and Carter are apposite to the case at bar. In this case, the required mental state under Tenn. Code Ann. § 39-17-417(a)(2), the statute defining delivery of cocaine, is "knowingly."[8] The indictments charging Wilson with delivery of cocaine, however, do not mention this required mental state. Rather, they simply charge that "BRANDON WILSON . . . did unlawfully deliver a controlled substance, to-wit: Cocaine, as classified in Section 39-17-408, in violation of Tennessee Code Annotated, Section 39-17-417(c)(1), all of which is against the peace and dignity of the State of Tennessee." Nonetheless, under the reasoning of both Ruff and Carter, because the indictments charging Wilson with the delivery of cocaine referenced the appropriate statute, he was provided sufficient notice of the required mental state to commit the offense. The indictments, therefore, are legally sufficient, and Wilson's convictions are reinstated.

B. Boykin Claim on Direct Appeal

We must next determine whether the Court of Criminal Appeals had jurisdiction to hear and determine, on direct appeal, the voluntariness of Wilson's pleas of guilty. In Tennessee, the right to appeal a plea of guilty entered in the trial court is severely limited to those cases which fit within one of the narrow exceptions enumerated in Tenn. R. Crim. P. 37(b) or Tenn. R. App. P. 3(b). See State v. Patterson, 684 S.W.2d 110, 111-12 (Tenn. Crim. App. 1984). Tennessee Rule of Criminal Procedure 37(b) provides:

> (b) An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
>
> . . .
>
> (2) Upon a plea of guilty or nolo contendere if:
>
> (i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case; or
>
> (ii) Defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e); or
>
> (iii) The error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had; or

---

[8] Under Tenn. Code Ann. § 39-17-417(a)(2), "[i]t is an offense for a defendant to _knowingly_ . . . [d]eliver a controlled substance." Tenn. Code Ann. § 39-17-417 (Supp. 1993) (emphasis added).

(iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

Tenn. R. Crim. P. 37(b).  Tennessee Rule of Appellate Procedure 3(b) provides:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals . . . (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved with the consent of the state and the trial court the right to appeal a certified question of law dispositive of the action, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had.

Tenn. R. App. P. 3(b).

Wilson's appeal from his pleas of guilty does not fit within any of these exceptions.  His appeal does not involve a certified question and, thus, cannot be addressed under Tenn. R. Crim. P. 37(b)(2)(i) or (iv) or under Tenn. R. App. P. 3(b)(2). It does not challenge his sentence; accordingly, his appeal is not cognizable under Tenn. R. Crim. P. 37(b)(2)(ii) or Tenn. R. App. P. 3(b)(2).  The only exception into which Wilson's appeal may fit is Tenn. R. Crim. P. 37(b)(2)(iii), which permits an appeal after a guilty plea if "[t]he error(s) complained of were not waived as a matter of law by the plea of guilty . . . or otherwise waived, and if such errors are apparent from the record of the proceedings already had . . . ."  Tenn. R. Crim. P. 37(b)(2)(iii) (emphasis added); see also Tenn. R. App. P. 3(b)(2).  The advisory commission comments to the rule explain that a defendant should be permitted to appeal under Tenn. R. Crim. P. 37(b)(2)(iii) only in cases where "the record clearly reflects an invalidating error, such as the clear denial of the right to counsel or a conviction under an invalid statute, wherein it would be judicially inefficient to require a post-conviction collateral attack when the error is apparent upon the face of the existing record."  Tenn. R. Crim. P. 37(b)(2)(iii) advisory commission comments (emphasis added).

Unlike the denial of the right to counsel or conviction under an invalid statute, whether a defendant knowingly and voluntarily entered a guilty plea will rarely, if ever, be apparent from a record of the "proceedings already had . . . ."  Tenn. R. Crim. P. 37(b)(2)(iii); see Tenn. R. App. P. 3(b)(2).  Such is not apparent in the record before us; Wilson's claim that his guilty plea was not knowingly and voluntarily entered does not fit, therefore, within the exception provided by Tenn. R. Crim. P. 37(b)(2)(iii).  See Tenn. R. Crim. P. 37(b)(2)(iii); see also Tenn. R. App. P. 3(b)(2).

Wilson nonetheless insists that under this Court's decision in State v. Mackey,[9] his claim that his guilty plea was invalid because of an alleged Boykin error was properly before the Court of Criminal Appeals. Wilson's reliance on Mackey, however, is misplaced. While Mackey did involve a direct appeal from a guilty plea on the basis of a potential Boykin error, the decision contains no discussion as to the propriety of such an appeal. Moreover, Mackey was decided on June 20, 1977, prior to the effective dates of the Tennessee Rules of Criminal Procedure (July 13, 1978) and the Tennessee Rules of Appellate Procedure (July 1, 1979). Significantly, both Tenn. R. Crim. P. 37(b) and Tenn. R. App. P. 3(b) restrict the right to a direct appeal from a guilty plea to the narrow exceptions previously enumerated. It is presumed that in ratifying both of these rules, the General Assembly was aware of our decision in Mackey. See Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). Accordingly, to the extent that Mackey could be read to allow a defendant a direct appeal from a guilty plea on the basis of an alleged Boykin error, that portion of Mackey has been superseded by the rules which limit the right to a direct appeal to the exceptions enumerated in Tenn. R. Crim. P. 37(b) and Tenn. R. App. P. 3(b).[10]

Although we have found that Wilson's appeal does not fit within any of the exceptions under Tenn. R. Crim. P. 37(b) or Tenn. R. App. P. 3(b) and was therefore not properly before the Court of Criminal Appeals, Wilson may yet have redress. As suggested by the comments to Tenn. R. Crim. P. 37(b)(2)(iii), the proper forum for asserting that a plea was not knowingly or voluntarily entered in accordance with Boykin is in a post-conviction proceeding.

In Tennessee, post-conviction proceedings are available to defendants whose complaint is of constitutional dimensions. See State v. McClintock, 732 S.W.2d 268, 271 (Tenn. 1987). "A petition for post-conviction relief is an application to the court . . . that seeks to have [a] conviction or sentence set aside or an appeal granted on the ground or grounds that the conviction or the sentence or the denial of an appeal violated the state or federal constitution." Tenn. R. Sup. Ct. 28, § 2(A). Relief is granted when a conviction or sentence "is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203 (1997).

As part of the post-conviction procedure, a defendant may be entitled to an evidentiary hearing in which the petitioner has the right to testify. See Tenn. R. Sup. Ct. 28, § 8; Tenn. Code Ann. § 40-30-210 (1997). During such a hearing, both parties may be permitted to take affidavits

---

[9] 553 S.W.2d 337 (Tenn. 1977).

[10] Wilson also contends that the Court of Criminal Appeals had the authority to address his Boykin claim under the plain error rule found in Tenn. R. Crim. P. 52(b). We find his argument without merit. A plain error under Tenn. R. Crim. P. 52(b) is "one that is obvious or clearly shown in the record . . . ." State v. Brooks, 909 S.W.2d 854, 863 (Tenn. Crim. App. 1995) (citing State v. Adkisson, 899 S.W.2d 626, 636-42 (Tenn. Crim. App. 1994)). We have already determined that, in many cases, an alleged Boykin error will not be apparent from the record before the intermediate court, and therefore, an appeal on such grounds does not fall under Tenn. R. Crim. P. 37(b)(2)(iii). Thus, under the same rationale, an appeal of a guilty plea based on an alleged Boykin error cannot be addressed by an intermediate court under Tenn. R. Crim. P. 52(b).

or depositions in addition to having the right to call and cross examine witnesses. See Tenn. R. Sup. Ct. 28, § 8; Tenn. Code Ann. § 40-30-210 (1997).

Whether a plea was knowing and voluntary is an issue of constitutional dimension because "[t]he due process provision of the federal constitution requires that pleas of guilty be knowing and voluntary." Johnson v. State, 834 S.W.2d 922, 923 (Tenn. 1992) (citing Boykin, 395 U.S. at 243, 89 S. Ct. at 1712, 23 L. Ed. 2d at 279-80). As the United States Supreme Court reasoned in Boykin:

> [a] defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For his waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.

Boykin, 395 U.S. at 243 n.5, 89 S. Ct. at 1712 n.5, 23 L. Ed. 2d. at 280 n.5 (citations omitted). Thus, a claim such as Wilson's, which asserts that a plea was not voluntarily and knowingly entered, implicates his due process rights and therefore falls squarely within the ambit of issues appropriately addressed in a post-conviction petition.

Post-conviction proceedings are also the appropriate forum for challenging guilty pleas on the basis of alleged Boykin errors because, as we have previously noted, the inquiry necessary for determining whether a defendant knowingly and voluntarily entered a plea may not be possible from "the record of the proceedings already had . . . ." Tenn. R. Crim. P. 37(b)(2)(iii); see Tenn. R. App. P. 3(b)(2). For example, when inquiring whether a defendant knowingly and voluntarily entered a plea, a court must "determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." Godinez v. Moran, 509 U.S. 389, 401 n.12, 113 S. Ct. 2680, 2687 n.12, 125 L. Ed. 2d 321, 333 n.12 (1993)(emphasis omitted).[11] In making such a determination, courts are instructed to ensure that the defendant is "fully aware of the direct consequences [of the plea], including the actual value of any commitments made to him [or her] by the court, prosecutor, or his [or her] own counsel." Brady v. United States, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472, 25 L. Ed. 2d. 747, 760 (1970) (citation omitted). Moreover, in order to knowingly and voluntarily enter a plea, the plea cannot be "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or . . . by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes);"[12] it may not be the product of "[i]gnorance,

---

[11]See North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d. 162, 168 (1970) ("The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.").

[12]Id. (citation omitted).

incomprehension, coercion, terror, inducements, [or] subtle or blatant threats." Boykin, 395 U.S. at 242-43, 89 S. Ct. at 1712, 23 L. Ed. 2d. at 279. Finally, as we have noted, "the core requirement of Boykin is 'that no guilty plea be accepted without an affirmative showing that it was intelligent and voluntary.'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Fontaine v. United States, 526 F.2d 514, 516 (6th Cir. 1975)).

It will be difficult, and perhaps impossible, for an intermediate court, reviewing only the record of the plea submission hearing, to make an accurate determination of the knowing and voluntary nature of a plea. Post-conviction proceedings, however, permit the development of a record to fully examine whether a defendant understood his or her rights and whether he or she voluntarily waived them by pleading guilty.

Finally, we note that we have often reviewed cases involving alleged Boykin errors in a post-conviction setting. For example, in Johnson, we reasoned that a previous version of the Post-Conviction Procedures Act "provide[d] the procedure for attacking a constitutionally defective conviction based on a guilty plea that was not knowingly and voluntarily entered, as required by Boykin." 834 S.W.2d at 925.[13] Thus, our holding, that challenges to guilty pleas on the basis of alleged Boykin errors are properly raised in post-conviction proceedings rather than on direct appeal, is not a novel proposition.[14]

## V. Conclusion

For the reasons articulated above, we hold that the seven indictments for delivery of cocaine are sufficient. Wilson's convictions as to these charges are, therefore, reinstated. Additionally, we hold that the issue of whether Wilson knowingly and voluntarily pleaded guilty was not properly before the Court of Criminal Appeals. Wilson's conviction for cocaine possession is, therefore, reinstated. Wilson, however, is not by this opinion precluded from raising the alleged Boykin error in a petition for post-conviction relief.

Costs of this appeal are assessed to the defendant.

---

ADOLPHO A. BIRCH, JR., JUSTICE

---

[13] See Blankenship v. State, 858 S.W.2d 897 (Tenn. 1993); Archer v. State, 851 S.W.2d 157 (Tenn. 1993); State v. Prince, 781 S.W.2d 846 (Tenn. 1989).

[14] As the State aptly notes, there is an additional avenue through which a defendant may challenge his or her guilty plea on the basis of an alleged Boykin error which does not involve a direct appeal under either Tenn. R. Crim. P. 37(b)(2) or Tenn. R. App. P. 3(b)(2). The defendant may file a motion to withdraw the plea under Tenn. R. Crim. P. 32(f). See Tenn. R. Crim. P. 32(f) ("A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea."). A direct appeal then lies from a denial of a Rule 32(f) motion. See State v. Newsome, 778 S.W.2d 34 (Tenn. 1989).