IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2002

## STATE OF TENNESSEE v. TIMOTHY D. McGLORY

**Appeal from the Criminal Court for Davidson County**
**No. 99-I-259      Steve Dozier, Judge**

———————————

**No. M2001-01998-CCA-R3-PC - Filed June 10, 2002**

———————————

The petitioner appeals the Davidson County Criminal Court's denial of post-conviction relief. Because the record supports the rejection of the petitioner's claims that his guilty pleas to two counts of aggravated robbery were unknowing and the result of ineffective assistance of trial counsel, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

David P. Byrne, Nashville, Tennessee, for the Appellant, Timothy D. McGlory.

Paul G. Summers, Attorney General & Reporter; Christine M. Lapps, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Brian Holmgren, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On May 8, 2000, the petitioner, Timothy D. McGlory, pleaded guilty to two counts of aggravated robbery and received concurrent, twelve-year, Department of Correction sentences as a Range I offender. In his timely post-conviction petition, he asserted that the guilty pleas resulted from his mistaken belief that he was receiving eight-year sentences. He also claimed that his pleas resulted from his trial counsel's inadequate investigation of the case and improper advice about the terms of the plea agreement and the possibility of having a trial jury instructed on lesser-included offenses. After an evidentiary hearing, the post-conviction court determined that the petitioner's trial counsel performed effectively and that the petitioner's plea was voluntarily, intelligently and knowingly submitted. Because the record supports these determinations, we affirm the lower court's denial of post-conviction relief.

In the evidentiary hearing, the petitioner limited his challenge to his guilty plea and the effectiveness of his trial counsel to the issue of his mistaken belief that he had already received eight-year sentences when he submitted his plea. Before pleading pursuant to the agreement that called for concurrent, twelve-year, incarcerative sentences, the petitioner had offered to plead to eight-year sentences, with the trial court determining the manner of service. Although he acknowledged that he abandoned the offer when the trial judge commented that the eight-year sentences could not be served on probation, he claimed that, while he was free on bond pending the disposition of his case, he was fired from jobs at Toys 'R Us and BP because he had been "convicted" of robbery and had received an "eight-year sentence." The petitioner testified that these employers had obtained this information from the court, causing the petitioner to believe that the eight-year sentences had been imposed. He acknowledged that, when he asked his trial counsel about imposition of a conviction and sentence, she advised him that no convictions or sentences had been imposed at that point. Moreover, the petitioner knew that the final plea agreement called for twelve-year sentences. Nevertheless, he claimed in the hearing that he thought the eight-year-sentence arrangement would prevail over the terms for twelve-year sentences. The post-conviction court reviewed the transcript of the plea-submission hearing and, after taking the case under advisement, ruled that the petitioner's trial counsel performed effectively and that the petitioner fully understood and accepted the terms of the plea agreement that called for two concurrent, twelve-year, incarcerative sentences.

A post-conviction petitioner is obliged to prove his claims by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). To establish a claim of ineffective assistance of counsel, the petitioner must show both that his counsel failed to perform at a level demanded of attorneys in criminal cases, *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and that the deficient performance adversely affected the defense. *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. When the petitioner claims that ineffective assistance of counsel resulted in a guilty plea, the petitioner must show "a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 360 (1985). Independent of, and as an alternative to, the claim of ineffective assistance of counsel, a post-conviction petitioner may successfully attack his conviction when his guilty plea was unknowing or involuntary. *See* Tenn. Code Ann. § 40-30-203 (1997) (post-conviction relief is available "when the conviction is void or voidable because of the abridgment" of a constitutional right); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969); *State v. Wilson*, 31 S.W.3d 189, 194 (Tenn. 2002) (due process clause of United States Constitution requires that guilty pleas be knowing and voluntary).

In the present case, the petitioner failed to establish by clear and convincing evidence his claim that his pleas were unknowing because he mistakenly believed that he would receive eight-year sentences. He acknowledged in the evidentiary hearing that, on the scheduled trial day, he agreed to the twelve-year sentences to avoid the risk of a lengthier effective sentence. He further acknowledged that the final plea agreement called for twelve-year sentences and that he signed the agreement. The transcript of the plea-submission hearing further supports the post-conviction

court's determination that the plea was made voluntarily, intelligently and knowingly. Furthermore, the record before us is devoid of any demonstration of prejudice resulting from any deficient performance of trial counsel.

For these reasons, we affirm the denial of post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE