IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2004

## JACQUELINE HURT v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-25587     Arthur T. Bennett, Judge**

_____

**No. W2004-00151-CCA-R3-PC  - Filed November 4, 2004**

_____

The petitioner, Jacqueline Hurt, appeals the denial of her petition for post-conviction relief in which she asserted that her plea was not knowing and voluntary and that she was denied effective assistance of counsel.  Following our review, we affirm the denial of the petition; however, we remand the matter for the limited purpose of entry of a corrected judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed and Remanded for Entry of Corrected Judgment**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Jacqueline Hurt, Memphis, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; William L. Gibbons, District Attorney General; and Julie Mosley, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Facts and Procedural History**

On May 8, 2000, the petitioner entered pleas of guilty to two counts of attempted first degree murder, one count of especially aggravated robbery, and one count of especially aggravated kidnapping.  The petitioner was sentenced to twenty-five years on each of the four counts, with the two attempted murder sentences running consecutively to one another.  The remaining counts were run concurrently, but consecutively to the attempted murder counts, for an effective sentence of seventy-five years.  This Court affirmed the convictions and sentences on direct appeal.  See State of Tennessee v. Jacqueline Hurt, No. W2000-02193-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 642 (Tenn. Crim. App., Jackson, Aug. 16, 2001), perm. to appeal denied (Tenn. 2001).

On August 29, 2001, the petitioner filed an unsigned petition for post-conviction relief. On September 3, 2001, counsel was appointed and an amended petition was subsequently filed. That petition was summarily denied based on a violation of the statute of limitations. The petitioner filed a second petition for post-conviction relief in November 2002. The court appointed counsel on that petition on November 21, 2002, and an amended petition was filed on April 24, 2003. In her post-conviction petition, the petitioner made several claims of ineffective assistance of counsel and asserted that her guilty plea was not made knowingly and voluntarily. The post-conviction court held an evidentiary hearing on October 8, 2003, and thereafter denied the petition. We have reviewed the record, the briefs of the parties, and the applicable law. We affirm the trial court's dismissal of the petition.

The facts supporting the petitioner's conviction were summarized in this Court's direct appeal opinion. See id. On Thursday, April 15, 1999, at approximately four o'clock in the morning, the petitioner went to the apartment of the victim, Carnomas Manning, asking for money that the petitioner maintained the victim owed to her. Id. at *2. After the victim stated that she did not have the money, the petitioner proceeded to ask if she could come inside the victim's apartment for a glass of water, which the victim allowed. Id. In the hours following, the petitioner inflicted a series of attacks on the victim, including intermittently stabbing her with both a broken beer bottle and a butcher knife, "hog-tying" her hands and feet, putting a cigarette out on her face, and chopping into her forearm with a meat cleaver. Id. at *2-4. These attacks took place while the victim's two children, ages two and three, were in the apartment. Id. at *4. Moreover, the victim was seven months pregnant with her third child at the time of the assault. Id. at *2.

At approximately 10:50 a.m., while the petitioner slept, the victim escaped the apartment and fled to the apartment manager's office. Id. at *5. The property manager then called several maintenance men who went to the apartment and detained the petitioner until the police arrived. Id. at *6. On April 16, 1999, the petitioner gave a typed and signed statement of admission to the incident. Id.

At the post-conviction hearing, the petitioner testified that trial counsel failed to adequately meet with her and communicate the issues pertaining to her case. Specifically, the petitioner stated that trial counsel only met with her once in jail and, thereafter, only spoke with her briefly in court. She further stated that counsel failed to explain the sentencing procedures and terminology and did not make a recommendation to her as to whether she should accept the prosecutor's offer, plea to the court, or have a jury trial.

The petitioner also testified that trial counsel failed to investigate her mental health background and the way such issues might have affected her case. The petitioner had been hospitalized as a teenager at St. Joseph's and Oakview for suicide attempts. She testified that she did not recall trial counsel ever inquiring into her mental history, although she felt this information could have impacted her defense.

Finally, the petitioner argues that her guilty plea was not knowing and voluntary because she did not understand the consequences of the proceeding and because she was coerced by trial

counsel to make the plea. She avers that counsel did not inform her of the ramifications of her actions and how those actions would impact her sentence. Moreover, the petitioner testified that she based her decision to plea, in large part, on counsel's statement that he would "try to get her fifteen years," and that she relied on this statement to her detriment.

Trial counsel testified at the post-conviction hearing that, prior to trial, he met with the petitioner several times, each time reviewing the facts of the case, the petitioner's statement, and the prosecution's plea offer. He stated that the petitioner was resistant to the prosecution's offer of forty-four years and repeatedly asked him to negotiate a better offer. Counsel further testified that, despite several attempts, he was unable to get an offer the petitioner found acceptable; moreover, she refused to go to trial. He stated that he explained to the petitioner that, if she did not want to go to trial or take the prosecution's offer, the only other option was to plead to the court, which she eventually did. According to trial counsel's testimony, the plea and its consequences were fully explained to the petitioner in multiple meetings. He stated that she came to the conclusion that she would plead guilty on her own, by virtue of eliminating all other options.

Counsel also testified concerning the issue of the petitioner's mental health background. He stated that he spoke with her about her mental condition and that she understood everything that had happened to that point and could recall her prior record. Counsel stated that it was his understanding that a competency hearing had already been conducted on a prior conviction and that she was declared competent at that time. Moreover, he stated that she told him she had not been hospitalized since she was "very young." Therefore, he found no good faith basis for asking for a mental examination and thus did not pursue the avenue of mental incompetence in her defense.

The post-conviction court dismissed the petition at the conclusion of the hearing. The court gave credence to trial counsel's testimony, finding that he had been diligent both in his efforts to prepare the case and in getting the best plea offer available for the petitioner. Moreover, the court found that trial counsel met with the petitioner and explained to her all available options, as well as the consequences of each. As to the inquiry into mental incompetence, the court found that her mental health history might have impacted a defense of diminished capacity but, because she made it clear she did not want to go to trial, the issue would have never been heard and was thus irrelevant. Finally, as to the plea, the court found that the evidence indicated that trial counsel explained fully the nature and ramifications of the plea, thus it was voluntary and knowing. Moreover, her experience with the justice system weighed in favor of a knowing and voluntary plea; with seventeen prior arrests and eight convictions, the court found that she was "not a novice to the justice system," and that she understood her rights from prior experience. Thus, the court dismissed the petition, and the petitioner filed a timely appeal to this Court.

**Analysis**

Initially, we note that the judgment of the post-conviction court is in conflict with the transcript of the proceedings. Although the judgment states that the petition was denied based on the expiration of the post-conviction statute of limitations, this was not even discussed in the transcript and amounts to a misapplication of law. The State concedes that the petitioner was not time-barred but asks this Court to rely on the specific findings of fact and conclusions of law made immediately after the post-conviction hearing and noted in the transcript. As a general rule, "when there is a conflict between the judgment of conviction and the transcript of the proceedings, the transcript controls." Ronald W. Rice v. David Mills, No. E2003-00328-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 709, at *8 (Tenn. Crim. App., Knoxville, Aug. 19, 2003)(citing State v. Davis, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985)). As a result, we have indeed relied on the reasoning found in the transcript, and our opinion reflects that reliance. The errant judgment is a mere clerical error which may be remedied by the post-conviction court pursuant to Tennessee Rule of Criminal Procedure 36.

The petitioner first contends that she received ineffective assistance of counsel. When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving (1) that counsel=s performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently and, but for counsel=s errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel=s conduct, a Afair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. ' 40-30-110(f) (2003). This Court is bound by the post-conviction court=s findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

The petitioner contends that counsel was ineffective because of his failure to visit the petitioner, failure to communicate issues to the petitioner, and failure to investigate the facts of the case, particularly the mental health of the petitioner. The post-conviction court accredited the

-4-

trial counsel's testimony that he visited with her "several times," each time going over the various issues of the case and informing the petitioner of pertinent information. In so doing, the court found that trial counsel was not ineffective "in his assistance to her, in negotiating the case, or talking to her about the case . . . ."

Moreover, as to the inquiry into the mental health background of the petitioner, the post-conviction court found that trial counsel's failure to look into the mental health of the petitioner was not ineffective assistance. In support of this finding, the court noted the rational conversations that trial counsel had with the petitioner, as well as the fact that the petitioner refused a jury trial, thus making the issue of mental incompetence moot. The evidence presented does not preponderate against the findings of fact by the post-conviction court. The petitioner has failed to show by clear and convincing evidence that she was prejudiced by any alleged ineffective assistance of counsel.

In addition to ineffective assistance of counsel, the petitioner claims that her guilty plea was unknowing and involuntary. A post-conviction petitioner may successfully attack her conviction when her guilty plea was unknowing or involuntary. See Tenn. Code Ann. ' 40-30-103 (2003); Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969); State v. Wilson, 31 S.W.3d 189, 194 (Tenn. 2002). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999); Blankenship, 858 S.W.2d at 904. Because the plea must represent a voluntary and intelligent choice among alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant=s relative intelligence; (2) the defendant's familiarity with criminal proceedings; (3) whether the defendant was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against the defendant and the penalty to be imposed; and (5) the defendant=s reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

The petitioner alleges that, because counsel did not explain the consequences of her guilty plea or the sentencing terminology, her plea was unknowing. However, the post-conviction court credited the testimony of trial counsel and found that the consequences of the plea were explained to the petitioner on multiple occasions. Moreover, the post-conviction court found that she did, in fact, understand the meaning of the pertinent terminology, as evidenced by her testimony as the post-conviction hearing. Further, the record reflects that the petitioner was thoroughly questioned during the entry of her guilty plea and answered in a fashion that left no question as to her knowing act. Therefore, the answers given by the petitioner in the entry of her guilty plea are incompatible with her post-conviction claim. Finally, the court noted the petitioner's prior history with the court system in making its finding, stating specifically, "So the Court doesn't find that she was so much out of the understanding of what happens down here and the system and people explaining her rights. She's been explained her rights a number of times in the past." After reviewing the transcript of the plea submission hearing and evidence

presented at the post-conviction relief hearing, we conclude that the evidence does not preponderate against the post-conviction court=s finding that the petitioner was informed of the consequences of her guilty plea. The petitioner has failed to prove by clear and convincing evidence that her guilty pleas were not knowing.

There is likewise no proof contained in the record that counsel coerced the petitioner. As stated above, the post-conviction court found that trial counsel fully explained the consequences of pleading guilty and the rights that were being waived by the petitioner. Moreover, the court adopted trial counsel's version of the facts, maintaining that trial counsel presented the petitioner with the options, but the final decision rested with the petitioner. The post-conviction court stated in its finding that, "She decided to go with the court." The petitioner has failed to demonstrate that she did not knowingly and voluntarily enter her plea of guilty.

## Conclusion

We conclude that the petitioner has failed to show that she was denied the effective assistance of counsel. We also conclude that the petitioner=s guilty plea was knowing and voluntary. Based on the foregoing reasons, we affirm the denial of post-conviction relief; however, we remand this matter, pursuant to Tennessee Rule of Criminal Procedure 36, to the Shelby County Criminal Court for the limited purpose of entry of a corrected judgment, reflecting the reasoning found in the transcript of the proceedings.

_____
JOHN EVERETT WILLIAMS, JUDGE