IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2005

## STATE OF TENNESSEE v. DOYLE ARNEL WHITLOCK

**Appeal from the Criminal Court for Washington County**
**Nos. 28977, 29211 and 29345       Robert E. Cupp, Judge**

_____

**No. E2004-01852-CCA-R3-CD - Filed March 21, 2005**

_____

The defendant, Doyle Arnel Whitlock, appeals from actions of the Washington County Criminal Court in the aftermath of his multiple, guilty-pleaded convictions, the denial of his motion to reduce his sentences, and his filing of a document titled "Appeal of Conviction," which despite the title raised issues of guilty plea validity and ineffective assistance of counsel.  Upon our review, we dismiss the appeal in part and remand for further proceedings in the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed in Part;**
**Appeal is Dismissed in Part.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Doyle Arnel Whitlock, _Pro Se_ (on appeal); and Scott Pratt, Johnson City, Tennessee (at trial), for the Appellant.

Paul G. Summers, Attorney General & Reporter; Preston Shipp, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Steve Finney, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Pursuant to his guilty pleas, the defendant was convicted on May 18, 2004, of the following offenses and received the following sentences:

| | | |
|---|---|---|
| Felony escape | Class E felony | 6 years, persistent offender |
| Evading arrest | Class A misdemeanor | 11 months, 29 days |
| Theft | Class A misdemeanor | 11 months, 29 days |
| False reporting | Class D felony | 12 years, persistent offender |
| Auto burglary | Class E felony | 6 years, persistent offender |
| Theft | Class A misdemeanor | 11 months, 29 days |

| Auto burglary | Class E felony | 6 years, persistent offender |
| Theft | Class A misdemeanor | 11 months, 29 days |
| Evading arrest | Class A misdemeanor | 11 months, 29 days. |

The combination of concurrent and consecutive sentences resulted in an effective sentence of 12 years. On May 26, 2004, citing the defendant's plea bargain and his voluntary pleas, the trial court entered an order denying the defendant's *pro se* motions to reduce his sentences and to allow him to serve his effective sentence in the Washington County Jail. On June 15, 2004, the defendant filed an "Appeal of Conviction," which claimed that his pleas were unknowing and involuntary and that trial counsel had been ineffective. It appears, as stated by the state in its brief, that the trial court did not rule upon these claims and that the "'Appeal of Conviction' served as a notice of appeal."

The state argues that the defendant waived a rightful appeal of his convictions and sentence. The record does not contain the defendant's plea agreement or plea petitions. The record contains an acknowledgment and waiver of certain rights, but this document does not detail the plea terms. It includes a waiver of "[t]he right to appellate review if convicted by trial." The record also contains a transcript of the guilty pleas hearing, which reflects the defendant's acknowledgment that he waived his right to appeal following convictions based on pleas of guilty. During the plea colloquy, the trial court also engaged the defendant in the following exchange:

> Court: If you, after pleading guilty, decide to appeal your guilty pleas, I'm going to make sure you don't get any relief from the Court of Appeals. The rights you give up here are the rights you give up at the Court of Appeals as long as they're given up normally. I think we're making sure that that's happening.
>
> Defendant: Yes, sir, I understand that.

Further exchanges between the trial judge and the defendant suggest that, in referring to any appeal of the guilty pleas, the trial judge was referring to appellate review of the voluntariness of the pleas, such as might ensue from a denial of post-conviction relief.

Tennessee Rule of Appellate Procedure 3(b) provides:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, . . . if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had.

Tenn. R. App. P. 3(b).

> Tennessee Rule of Criminal Procedure 37(b) provides:
>
> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
>
>> (1) upon a plea of not guilty;  or
>>
>> (2) upon a plea of guilty or nolo contendere if:
>>
>> . . . .
>>
>> (ii) the defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e);  or
>>
>> (iii) the error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had.

Tenn. R. Crim. P. 37(b).

Regardless whether the defendant explicitly waived his right to appeal his convictions *following his guilty pleas*, we conclude that he waived this right as a matter of law. *See State v. Wilson*, 31 S.W.3d 189, 193 (Tenn. 2000) (pursuant to Tennessee Rule of Criminal Procedure 37(b), defendant's "claim that his guilty plea was not knowingly and voluntarily entered" is not appealable as of right).  Any appeal of the *convictions* is, therefore, dismissed.  Essentially, the defendant must present the claim of unknowing or involuntary guilty pleas via a petition for post-conviction relief. *Id.* at 194.

The question of waiver of the right to appeal the convictions aside, whether an appeal of the sentences is waived is a more perplexing question on the present record.  As shown above, Rule 37(b) allows an appeal of the sentence following a guilty plea when the plea agreement does not embrace the sentences to be imposed.  Moreover, this court has allowed a sentencing appeal to proceed when, despite the guilty plea and a general waiver of the right to appeal, the record showed that the defendant did not agree in advance to the sentencing terms. *State v. Carter*, 986 S.W.2d 596, 597 (Tenn. Crim. App. 1998).  In this case, however, unlike in *Carter*, the transcript of the plea submission hearing indicates that the sentences were part of the plea agreement.  To the extent that the actual plea terms might have shown otherwise, the defendant, as the appellant, has failed to include the plea document in the record.  "[I]t is the duty of the defendant to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the

issues which form the bases of the appeal." *State v. Coolidge*, 915 S.W.2d 820, 826 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Troutman*, 979 S.W.2d 271 (Tenn. 1998). In the absence of a sufficient record, this court must presume that the trial court acted correctly in receiving pleas that included agreed sentences. *See, e.g., id.* Thus, we hold that a rightful appeal of the sentence has been waived as a matter of law. Any appeal of the sentencing determinations should be dismissed.

Having disposed of the possibilities that the defendant may have effectively appealed his convictions or sentences, we must now consider whether he has appealed from the trial court's May 26, 2004 order denying sentence reductions or service of the sentences in the county jail.

Tennessee Rule of Criminal Procedure 35(b) provides:

> The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. *If the application is denied, the defendant may appeal* but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

Tenn. R. Crim. P. 35(b) (emphasis added). Thus, the defendant may appeal from the denial of sentence reduction, but on appeal, the defendant has addressed neither this action of the trial court nor the denial of local service of the sentence. R. Tenn. Ct. Crim. App. 10(b). These issues are waived, and the trial court's order of May 26, 2004, is affirmed.

Finally, we address whether the trial court should have treated the "Appeal of Conviction" as a petition for post-conviction relief. As mentioned above, this document claims the pleas are unknowing and involuntary and the result of the ineffective assistance of counsel – claims that are raised typically in post-conviction proceedings. *See* Tenn. Code Ann. §§ 40-30-101 through 40-30-122 (2003). In his brief, the defendant claims that the trial court erred in denying post-conviction relief without the appointment of counsel and a hearing.

We point out initially that the trial court neither denied relief nor took any other action on the defendant's "Appeal of Conviction" as a petition for post-conviction relief. The trial court, probably through the trial court clerk, apparently took the defendant's document heading at its word and treated the document as a notice of appeal. As such, there is no order of the trial court from which the defendant may rightfully appeal. *See* Tenn. R. App. P. 3(b) ("The defendant may . . . appeal as of right from . . . *a final judgment* in a . . . post-conviction proceeding.") (emphasis added).

-4-

Thus, as an appeal of an order denying a petition for post-conviction relief, the appeal must be dismissed.

The question remains whether we should view the "Appeal of Conviction" document itself as a petition for post-conviction relief and remand the cause to the trial court for further proceedings on the pending petition. We conclude that judicial economy would better be served by so doing. We have held previously in this opinion that no direct appeal of the conviction or sentence has occurred. The conviction proceeding is, therefore, effectively concluded, pending Tennessee Rule of Appellate Procedure 11 review. In our view, the defendant's case is ripe for post-conviction review. We see no point in requiring the defendant to file anew when his "current" petition may be attended by counsel and amended as needed. *See* Tenn. Code Ann. § 40-30-107 (2003).

Accordingly, the case is remanded to the trial court, which shall treat the defendant's "Appeal of Conviction" as a petition for post-conviction relief, appoint counsel in the event it finds the defendant to be indigent, and otherwise proceed pursuant to the Post-Conviction Procedure Act.

_____
JAMES CURWOOD WITT, JR., JUDGE