IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 4, 2020

## STATE OF TENNESSEE v. CHAD EVERETTE HENRY

**Appeal from the Circuit Court for Decatur County**
**No. 15-CR-28          Charles C. McGinley, Judge**

_____

### No. W2018-02084-CCA-R3-CD
_____

The Defendant, Chad Everette Henry, pleaded guilty to voluntary manslaughter and driving under the influence ("DUI"). Following a sentencing hearing, the trial court imposed consecutive sentences of twelve years for the voluntary manslaughter conviction and eleven months and twenty-nine days with forty-five days' confinement for the conviction of DUI, second offense. The Defendant argues on appeal that the trial court imposed an improper sentence and that his plea to DUI was not knowingly and voluntarily entered. After a review of the record and applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Robert Gardner, District Public Defender, and Timothy D. Nanney, Assistant District Public Defender (on appeal), and Michael L. Weinman (at trial) Jackson, Tennessee for the appellant, Chad Everette Henry.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and Carthel L. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 2015, the Decatur County Grand Jury returned a nine-count indictment against the Defendant for: 1) DUI, third offense; 2) aggravated assault; 3) violation of the registration law; 4) violation of financial responsibility law; 5) violation of the implied consent law; 6) possession of a Schedule IV controlled substance; 7) aggravated kidnapping; 8) first degree felony murder; and 9) first degree premeditated murder. According to the indictments, on December 25, 2014, the Defendant caused the victim "to exit a moving vehicle … by inflicting blunt force trauma upon [the victim]," causing her death.

On October 3, 2017, the Defendant pleaded guilty to voluntary manslaughter as a lesser included offense of first degree murder. At the plea hearing, the Defendant agreed that he was freely and voluntarily entering this plea after thoroughly discussing his case with trial counsel. The trial court reviewed each of the nine offenses that the Defendant was charged with and stated the potential sentence that each offense carries for a Range I, standard offender. The trial court stated that pursuant to the plea agreement "counts 2, 7, 8, will be dismissed." Trial counsel requested that the trial court include language indicating that the plea was a "*Hicks* plea." The trial court informed the Defendant that he was "agreeing to a greater amount of time than if you had been convicted by a jury of Voluntary Manslaughter. That would be three (3) to six (6) years. You're agreeing to be sentenced eight (8) to twelve (12) years." The Defendant stated that he understood that he was receiving a greater sentence as a result of the plea than if he were convicted of voluntary manslaughter by a jury. The Defendant stipulated that a factual basis existed to support his conviction of voluntary manslaughter, and the State elected not to provide a recitation of the underlying facts.

At the conclusion of this hearing, the trial court stated that the plea hearing for the DUI charge would be heard on November 16, 2017. A transcript of the DUI guilty plea hearing is not included in the record on appeal. However, there is a request for acceptance of a guilty plea for the DUI offense which was filed by the trial court clerk on November 16, 2017, and also was signed by the Defendant. This request for acceptance of a guilty plea provided that the counts charging the Defendant with violations of the registration law, financial responsibility law, and implied consent law and his drug offense would be dismissed and that the Defendant would plead guilty to DUI with the court to determine whether the violation was a first, second, or third violation and the manner of service of the eleven-month, twenty-nine-day sentence.

Prior to the sentencing hearing, the State filed a motion to consider enhancing the Defendant's sentence based on his prior criminal history, the victim's particular vulnerability, the particularly great injuries the victim sustained, and the Defendant's failure to comply with the conditions of release prior to sentencing. *See* T.C.A. § 40-35-114(1), (4), (6), (8). The Defendant filed a response addressing each of the enhancement

factors. He maintained that his criminal history was limited to two prior convictions for DUI, first offense, from Pennsylvania and that he had never been previously convicted of a felony offense. He asserted that the victim was not particularly vulnerable because of her age or physical or mental disability. He noted that the victim was forty years old at the time of her death and was not suffering from any physical or mental disability. The Defendant contended that the injury to the victim in this case was death, and that he pleaded guilty to voluntary manslaughter, of which death is an essential element. He asserted it was inappropriate to use an essential element of the offense as a basis to enhance his sentence. He argued that he was unclear as to the nature of the prior conviction to which the State was referring in arguing that the Defendant had previously failed to comply with the conditions of release.

In the Defendant's sentencing memorandum, he argued that the court should apply the following mitigating factors: (3) that substantial grounds exist to excuse or justify his conduct; and (11) that the offense was committed under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct. *See* T.C.A. § 40-35-113(3), (11). The Defendant noted that the Strong-R report indicated that he had a low risk of reoffending. He also argued that he should receive alternative sentencing.

At the sentencing hearing, the trial court again noted that the Defendant entered a *Hicks* plea and agreed to receive a sentence between eight and twelve years for his conviction of voluntary manslaughter. The trial court enhanced the Defendant's sentence based on his prior criminal history and his failure to comply with the conditions of his release prior to sentencing. The trial court assigned great weight to the Defendant's failure to comply with the conditions of release and noted that the Defendant had received two additional DUI charges while awaiting sentencing for the instant offenses. The trial court imposed an effective sentence of twelve years for the voluntary manslaughter conviction.

Trial counsel confirmed during the hearing that the Defendant pleaded guilty to DUI. The trial court found the DUI offense was a DUI second offense, imposed a sentence of eleven months and twenty-nine days, required the Defendant to spend forty-five days incarcerated, and imposed a fine. The trial court implied that information pertaining to the DUI plea was missing from the record.

## ANALYSIS

The Defendant argues that the trial court erred in imposing a sentence of twelve years for his conviction of voluntary manslaughter. He asserts that because he was a Range I, standard offender who pleaded guilty to a Class C felony, he could only receive a sentence of three to six years. The State maintains that the trial court imposed a proper

sentence pursuant to *Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997). We agree with the State.

We review the length and manner of service of a sentence under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). As the court stated in *Bise*, "[a] sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* The defendant bears "the burden of showing that the sentence is improper." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). Our supreme court has held that "a knowing and voluntary guilty plea waives any irregularity as to the offender classification or release eligibility." *Hicks*, 945 S.W.2d at 709. A defendant may enter into a plea in which he agrees to be sentenced outside of his offender range classification, "so long as [the sentence] does not exceed the maximum punishment authorized by the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007) (citing *Hicks*, 945 S.W.2d at 707).

Here, the record shows that the Defendant entered a guilty plea to voluntary manslaughter, a Class C felony. T.C.A. § 39-13-211(b). We note that at the sentencing hearing the trial court stated that "it was stipulated that he would be sentenced as a Class B." We interpret this to be a misstatement by the trial court because the judgment form indicates that the Defendant pleaded guilty to voluntary manslaughter, a Class C felony. A defendant convicted of a Class C felony is subject to a sentence of "not less than three (3) years nor more than fifteen (15) years." T.C.A. § 40-35-111(b)(3). A Range I offender convicted of a Class felony is subject to a sentence of "not less than three (3) nor more than six (6) years." T.C.A. § 40-35-112(a)(3). The Defendant's twelve-year sentence does not exceed the fifteen-year maximum allowed by statute. T.C.A. § 40-32-111(b)(3). Although the Defendant was designated as a Range I offender, he agreed to be sentenced outside of that range to a term of eight years' to twelve years' imprisonment. The Defendant entered his plea pursuant to *Hicks* as evidenced by the judgment form, the guilty plea hearing, and the sentencing hearing. The trial court also informed the Defendant at both the plea hearing and the sentencing hearing that he would receive a sentence of eight to twelve years. At the plea hearing, the Defendant acknowledged that he understood that he would receive a greater sentence for voluntary manslaughter than he would have had he proceeded to trial and was convicted of voluntary manslaughter. Pursuant to a plea agreement, a defendant "may agree to a "hybrid" sentence that "mixes and matches" range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain *so long as* (1) the term of years is within the overall range of years specified for the offense, *see Hoover*, 215 S.W.3d at 779, and (2) the [release eligibility] is not less than the minimum allowable for the offense *see Lewis*, 202 S.W.3d at 128." *William Reynolds v. Cherry Lindamood*, No. M2016-01312-CCA-R3-HC, 2016 WL 6581927, at *2 (Tenn. Crim. App. Nov. 7, 2016).

We conclude that the trial court did not err in sentencing the Defendant. *See State v. Demarcus Lamont Gonner*, No. M2018-01969-CCA-R3-CD, 2019 WL 3714821, at *2 (Tenn. Crim. App. Aug. 7, 2019) (concluding that the although the petitioner was designated as a standard offender, his sentence of forty-three years for a Class A felony was permissible under *Hicks* because the forty-three year sentence is "within the permissible statutory limits for a Class A felony"); *State v. Perry Mitchell Kirkman*, M2016-02248-CCA-R3-CD, 2017 WL 2399701, at *2 (Tenn. Crim. App. June 2, 2017) ("[W]e conclude that the Defendant's sentence is not illegal because the plea-bargained sentence does not exceed the maximum punishment authorized for aggravated sexual battery").

The Defendant also argues that his DUI conviction should be vacated because he never entered a knowing and voluntary plea. The Defendant's brief notes that "[t]here is no exchange on the record, in either the transcript of the plea of guilty or the transcript of the sentencing hearing, in which the [Defendant] entered a plea of guilty to DUI or DUI 2nd offense." The State maintains that this issue is not appropriate for direct review and that regardless, this issue is waived because the Defendant failed to submit an adequate record on appeal.

Our supreme court held that "the right to appeal a plea of guilty entered in the trial court is severely limited to those cases which fit within one of the narrow exceptions enumerated in Tenn. R. Crim. P. 37(b) or Tenn. R. App. P. 3(b)." *State v. Wilson*, 31 S.W.3d 189, 192 (Tenn. 2000). In *Wilson*, the court addressed whether the defendant's claim on direct appeal that his plea was not knowingly and voluntarily entered was a proper claim for direct appeal. *Id.* The court concluded that because the defendant did not raise a certified question of law pursuant to Rule 37 of the Tennessee Rules of Criminal Procedure nor a claim pursuant to Tennessee Rule of Appellate Procedure 3(b) it was not a proper claim for direct appeal. *Id.* at 193. In making this determination, the court concluded that the proper mechanism for challenging the voluntariness of a guilty plea is through the post-conviction process. *Id.* at 194.

The Defendant does not argue that he entered his plea agreement with the intention of reserving a certified question of law, nor does the record support such a contention. Rather, the Defendant's sole argument regarding this issue is that he did not knowingly and voluntarily enter a guilty plea to DUI, second offense because he asserts that there is no record of a guilty plea hearing. The record contains a judgment form and plea form that indicate the Defendant pleaded guilty to DUI, second offense. Accordingly, we conclude that this is not a proper claim for a direct appeal. Instead, the Defendant could have moved to withdraw his guilty plea pursuant to Rule 32(f) of the Tennessee Rules of Criminal Procedure or he could have filed a petition seeking post-conviction relief. *Id.* (stating that "the proper forum for asserting that a plea was not

- 5 -

knowingly or voluntarily entered in accordance with *Boykin* is in a post-conviction proceeding"); *State v. Jimmy Ray Massey, Jr.*, No. M2013-00362-CCA-R3-CD, 2013 WL 3967868, at *1 (Tenn. Crim. App. Aug. 1, 2013) (concluding that this court lacked jurisdiction on direct appeal to address the defendant's claim that his plea was involuntary and unknowing because the exceptions articulated in Tennessee Rule of Appellate Procedure 3(b) and Tennessee Rule of Criminal Procedure 27(b) were not applicable); *State v. James Albert Taylor*, No. E2007-02878-CCA-R3-CD, 2009 WL 396076, at *5-6 (Tenn. Crim. App. Feb. 17, 2009) (declining to review the defendant's argument that his plea was not voluntary and noting that filing a petition for post-conviction relief is the proper avenue for this claim). We conclude that the Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE