# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 18, 2013

## STATE OF TENNESSEE v. JIMMY RAY MASSEY, JR.

### Appeal from the Circuit Court for Bedford County
#### No. 17372      Lee Russell, Judge

### No. M2013-00362-CCA-R3-CD - Filed August 1, 2013

The defendant, Jimmy Ray Massey, Jr., pled guilty in the Bedford County Circuit Court to felony failure to appear, a Class E felony, and was sentenced by the trial court as a career offender to six years at 60% in the Department of Correction. On appeal, he argues that his guilty plea was involuntary and that the trial court imposed an excessive sentence. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Christopher P. Westmoreland, Shelbyville, Tennessee, for the appellant, Jimmy Ray Massey, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy E. Wilber, Assistant Attorney General; Charles Crawford, District Attorney General; and Richard Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On February 13, 2012, the Bedford County Grand Jury indicted the defendant on two counts of domestic assault, kidnapping, leaving the scene of an accident that involved damage over $400, reckless endangerment, DUI, felony evading arrest, and felony failure to appear. On June 18, 2012, after the victim failed to appear for the defendant's scheduled trial, the State nolle prosequied all but the last count of the indictment. On that same day, the defendant entered an open guilty plea to the felony failure to appear count.

At the subsequent sentencing hearing, the State introduced the defendant's presentence report, which revealed a substantial criminal history, including "twelve different sets of felony convictions." The State also introduced certified copies of the judgments of conviction. In sentencing the defendant, the trial court noted that there were "many, many more" felony convictions than twelve but that because some were "clustered on particular days," it was counting only twelve sets of convictions. The trial court found that the defendant was a career offender based on his numerous prior convictions and sentenced him to six years, the maximum Range III sentence for a defendant convicted of a Class E felony. Because the defendant committed the instant offense while on parole from another felony, the court ordered that his sentence be served consecutively to his other sentences. Thereafter, the defendant filed a timely appeal to this court in which he argues that his guilty plea was involuntary and that the trial court imposed an excessive sentence.

## ANALYSIS

### I. Involuntary Guilty Plea

The defendant contends that his guilty plea was involuntary and unknowing because he was under the influence of prescription medication at the time he entered his plea, which affected his ability to understand the nature and consequences of the plea. The State responds by arguing that this court does not have jurisdiction on direct appeal to consider this issue and that the defendant's proper avenue for relief is through a post-conviction petition. We agree with the State.

In Tennessee, the right to appeal a plea of guilty entered in the trial court is limited to cases that fit within one of the narrow exceptions in Tennessee Rule of Appellate Procedure 3(b) and Tennessee Rule of Criminal Procedure 37(b). See State v. Wilson, 31 S.W.3d 189, 192 (Tenn. 2000). None of these exceptions apply in the defendant's case. The defendant's appeal does not involve a certified question of law and the alleged error of which he complains– that his prescription medication prevented him from entering a voluntary and knowing guilty plea–is not one that is "apparent from the record of the proceedings already had[.]" Tenn. R. Crim. P. 37(b)(2)(iii). Moreover, as the State points out, the defendant filed no motion to withdraw his guilty plea in the trial court. As such, the defendant's proper avenue for raising his claim that his guilty plea was unknowing and involuntary is through a petition for post-conviction relief. See Wilson, 31 S.W.3d at 194 ("[T]he proper forum for asserting that a plea was not knowingly or voluntarily entered in accordance with Boykin [v. Alabama, 395 U.S. 238 (1969)] is in a post-conviction proceeding.").

## II. Excessive Sentence

The defendant also contends that the trial court imposed an excessive sentence that is contrary to law. Specifically, he argues that the trial court erred by failing to give any weight to factors in mitigation and by imposing a sentence that "is greater than that deserved for the offense committed." The State argues that the trial court had no discretion in imposing the sentence, which was mandatory as set forth by the legislature. We agree with the State.

The defendant does not contest that he had the requisite number of prior convictions to be classified as a career offender, but instead argues that the trial court erred in setting the sentence length because it failed to give any weight to mitigating factors or to take into consideration the sentencing act's guidelines that the court should impose a sentence that is the least severe measure necessary and no greater than that deserved for the offense. The defendant, however, ignores the fact that our sentencing act provides that a defendant who has been found by the trial court "beyond a reasonable doubt to be a career offender *shall* receive the maximum sentence within the applicable Range III." Tenn. Code Ann. § 40-35-108(c) (2010) (emphasis added). The Range III sentence for a Class E felony is "not less than four (4) nor more than six (6) years." Id. § 40-35-112(c)(5). Thus, the six-year sentence imposed by the trial court was the mandatory sentence required under the statute. We, therefore, conclude that the trial court properly sentenced the defendant.

## CONCLUSION

Based on our review, we conclude that we lack jurisdiction in this direct appeal to consider the issue of whether the defendant's guilty plea was knowing and voluntary. We further conclude that the trial court properly imposed the mandatory six-year sentence required by law. Accordingly, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

-3-