IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2014

**TERRY R. WHITEFIELD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2009-D-3396     Monte Watkins, Judge**

**No. M2013-02029-CCA-R3-PC - Filed June 12, 2014**

The petitioner, Terry R. Whitefield, appeals the denial of post-conviction relief from his 2012 Davidson County Criminal Court guilty-pleaded convictions of aggravated sexual battery, for which he received a sentence of 16 years' incarceration. In this appeal, the petitioner contends that he was denied the effective assistance of counsel and that his guilty pleas were not knowingly and voluntarily entered. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Ryan K. H. Nevin, Nashville, Tennessee, for the appellant, Terry R. Whitefield.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 7, 2012, the petitioner, originally charged with six counts of child rape and six counts of aggravated sexual battery, entered pleas of guilty to two counts of aggravated sexual battery in exchange for consecutive sentences of eight years' incarceration, for a total effective sentence of 16 years, and dismissal of the other 10 counts. The transcript of the guilty plea colloquy contains the following factual summary of the offenses:

Judge, had this matter . . . proceeded to trial the State's proof would be that on November the 9th, 2009[,] Metro Police were contacted by the mother of the victim, who is the child

named in the indictment. Her date of birth is 1-3-2002. The victim's mother . . . contacted the police because the child had disclosed to her that the defendant, who is the child's paternal grandfather, had been touching her genital and buttocks.

The mother contacted the police, a forensic interview was set up and the child disclosed numerous instances of sexual contact perpetrated on her by the defendant, Mr. Whitefield.

The child's mother . . . agreed to participate in a body wire conversation with the defendant, wherein he admitted to several instances of touching the child in a sexual manner on the intimate parts.

The defendant is going to plead – two counts that he's choosing to plead to, that we're pleading him to today, Count Seven and Count Eight, involve – both involve two separate discreet instances of him touching the child's genital area with his hand.

On April 16, 2012, the petitioner filed a pro se petition for post-conviction relief, and the petitioner's counsel filed an amended petition on April 25, 2013. In his amended petition, the petitioner claimed, inter alia, that he was deprived of the effective assistance of counsel and that his guilty plea was not knowingly and voluntarily made.

At the evidentiary hearing, the petitioner testified that trial counsel continually counseled the petitioner that he would lose if he proceeded to trial. The petitioner insisted that, on the day he was brought into court to enter his plea, he "had no clue" what was about to happen. Prior to entering his guilty plea, the petitioner met with trial counsel at least five or six times, and he conceded that it "[c]ould have been more." With respect to allegations that trial counsel failed to prepare a defense, the petitioner stated that counsel did not "thoroughly" question his wife about allegations that she had witnessed the petitioner's assaulting the victim. The petitioner testified that he "really, really, did want to go to trial" but that he could not because trial counsel "kept telling [him] that [he] can't win." The petitioner admitted that he did review his indictment with trial counsel but stated that counsel did not explain the indictment very well.

On cross-examination, the petitioner acknowledged that trial counsel reviewed his constitutional rights with him, and the petitioner conceded that his signature was on the guilty plea form dated March 7, 2012. The petitioner admitted that, in responding to

questions on the form, he denied being under the influence of alcohol or drugs, denied suffering from a mental illness, and understood that he was pleading guilty, but at the post-conviction hearing, the petitioner insisted that his answers to all of those questions had been untruthful. The petitioner explained that, at the time he entered his plea, he was taking "mental health medicine" for "stress and depression." The petitioner denied understanding the plea petition that he signed although he acknowledged that he had "a twelfth grade education." The petitioner understood that he was facing a potential sentence of more than 100 years' incarceration if he had been convicted at trial, but the petitioner was not convinced that a jury would have convicted him.

Trial counsel testified that he had been a licensed attorney for almost nine years, focusing primarily on criminal defense. Trial counsel stated that he had been appointed to represent the petitioner and that he had met with the petitioner several times. With respect to the facts of the petitioner's case, trial counsel testified as to numerous facts that were detrimental to the petitioner, including the petitioner's own admissions of guilt during both the body wire conversation with the victim's mother and his statement to law enforcement officers following his arrest, as well as eyewitness testimony. Trial counsel stated that his conversation with the petitioner's wife led him to believe that she would have been a positive witness for the petitioner although her testimony would not have been enough to exonerate the petitioner "as to many of the counts."

Trial counsel recalled having "many discussions" with the petitioner about the benefits and risks of proceeding to trial. Believing that the petitioner's only possible defense was to claim that he had given a false confession, which trial counsel did not believe would be very successful, counsel advised the petitioner that he would likely be convicted on all counts and that he would likely receive an effective sentence of life imprisonment. After extensive negotiations with the State's attorney, trial counsel presented the petitioner with a plea offer of 16 years in exchange for a guilty plea to two of the six counts of aggravated sexual battery and dismissal of all remaining charges. Because the petitioner was approximately 60 years of age, trial counsel told the petitioner that the plea offer would likely permit him to "make it out of incarceration before he would die."

Although trial counsel was aware that the petitioner suffered from depression, counsel did not believe that the petitioner's condition affected his ability to enter a plea. Trial counsel acknowledged that the petitioner did, at one point, seek to withdraw his guilty plea, but following a consultation with trial counsel in which counsel explained the potential ramifications of such an action, the petitioner chose to withdraw his motion.

On cross-examination, trial counsel recalled that he reviewed both the indictment and the bill of particulars with the petitioner, but he could not recall with certainty

whether he provided the petitioner with a copy of those materials. Trial counsel admitted that he never filed a motion to dismiss any of the charges against the petitioner.

In the post-conviction court's order denying post-conviction relief, the court accredited trial counsel's testimony that he had "met with the [petitioner] and advised him of the evidence against him," as well as advising the petitioner of "the likelihood of conviction and the range of punishment." Despite the petitioner's claims to the contrary, the post-conviction court found that the petitioner had been advised of both the nature and consequences of his plea as evinced by the petitioner's signature on the plea petition. Moreover, the post-conviction court observed that, in the transcript of the plea proceedings, the petitioner affirmed that he understood the contents of the petition and denied that he had any questions about the petition. Specifically finding that the petitioner's testimony was not credible, the post-conviction court found that the petitioner had "failed to demonstrate by clear and convincing evidence ineffective assistance of counsel and that the plea was a violation of due process rights," and that the petitioner "failed to show that he was prejudiced by counsel's allegedly deficient conduct."

In this appeal, the petitioner reiterates his claims of ineffective assistance of counsel and involuntary guilty pleas, claiming that trial counsel performed deficiently by failing to move for dismissal of one of the child rape charges and by failing to adequately prepare and advise him regarding his guilty plea and that counsel's failures rendered his guilty pleas unknowing and involuntary. The State contends that the post-conviction court did not err by denying relief.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2006). A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to relief via a claim of ineffective assistance of counsel, the defendant must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his

-4-

counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the defendant fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goud v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the defendant the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Apart from whether a guilty plea is the product of ineffective assistance of counsel, it is invalid if otherwise made unknowingly or involuntarily. "Whether a plea was knowing and voluntary is an issue of constitutional dimension because 'the due process provision of the federal constitution requires that pleas of guilty be knowing and voluntary.'" *State v. Wilson*, 31 S.W.3d 189, 194 (Tenn. 2000) (quoting *Johnson v. State*, 834 S.W.2d 922, 923 (Tenn. 1992)). A plea "may not be the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Wilson*, 31 S.W.3d at 195 (quoting *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969)); *see also State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003) (citing *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993)).

Both claims of ineffective assistance of counsel and involuntary guilty plea are mixed questions of law and fact. *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010); *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the trial court's factual findings, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In our view, the record fully supports the ruling of the post-conviction court. With respect to the petitioner's claim that trial counsel should have sought dismissal of one of the child rape charges, the petitioner argues that, because counts five and six of the indictment were identical, the two counts violated double jeopardy principles. That trial counsel did not move for dismissal of one of these child rape charges – charges that were

dismissed by the State pursuant to the petitioner's plea agreement – in no way altered the outcome of the petitioner's case. *See Strickland*, 466 U.S. at 694. The record of the guilty-plea submission hearing and the accredited testimony of the petitioner's trial counsel evince the petitioner's understanding of the proceedings and his willingness to enter into the plea. Moreover, the record demonstrates that trial counsel rendered effective assistance in representing the petitioner.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE