IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 3, 2015

## MARK BROOKS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 13-03117     W. Mark Ward, Judge**

---

**No. W2015-00155-CCA-R3-PC  -  Filed December 16, 2015**

---

The petitioner, Mark Brooks, appeals the denial of post-conviction relief from his 2013 Shelby County Criminal Court guilty-pleaded convictions of possession of cocaine with intent to manufacture, sell, or deliver, possession of marijuana with intent to manufacture, sell, or deliver, possession of a firearm during the commission of a dangerous felony, and possession of a handgun by a convicted felon, for which he received an effective sentence of 12 years.  In this appeal, the petitioner contends that his guilty pleas were not knowingly and voluntarily entered and that he was denied the effective assistance of counsel.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Eric Mogy, Memphis, Tennessee, for the appellant, Mark Brooks.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Greg Gilbert, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 17, 2013, the petitioner entered pleas of guilty to one count each of the Class C felony of possession of cocaine with intent to manufacture, sell, or deliver; the Class E felony of possession of marijuana with intent to manufacture, sell, or deliver; possession of a firearm during the commission of a dangerous felony; and possession of a handgun by a convicted felon, in exchange for a total effective sentence of 12 years' incarceration as a Range II offender.  The transcript of the guilty plea colloquy contains the following factual summary of the offense:

Had this matter gone to trial, the State would have put on proof that detectives with the Memphis Police Department Organized Crime Unit executed a search warrant naming [the petitioner] as the target at 1932 Oaks Avenue.

During the course of this search, they found 31.25 grams of cocaine[,] 28.69 grams of marijuana[,] and 513 dollars in cash.

All of the drugs did test positive for their respective illegal substance. They were packaged individually for resale.

These events did occur in Memphis Shelby County and the State would ask for a stipulation as to – they also found a handgun, Judge, that he did claim on the scene.

The State would ask for a stipulation as to those facts.

The defense stipulated to the facts as presented. The guilty plea hearing transcript evinces that the trial court conducted a thorough Tennessee Rule of Criminal Procedure 11(b) colloquy with the petitioner. In the colloquy, the trial judge informed the petitioner of the nature and sentencing range of each charge, and the petitioner indicated his understanding of the potential sentencing. The petitioner also confirmed that he had consulted with trial counsel about his decision to plead guilty and that he freely and voluntarily decided to accept the plea agreement.

Following the entry of the plea agreement, the petitioner filed a timely petition for post-conviction relief, alleging that he was deprived of the effective assistance of counsel and that his guilty pleas were not knowingly and voluntarily made. On December 5, 2014, the post-conviction court conducted an evidentiary hearing.

At the evidentiary hearing, the petitioner testified that trial counsel had insisted that he enter into a plea agreement. According to the petitioner, trial counsel had informed him that if the case proceeded to trial, the petitioner would receive a sentence of 30 years. The petitioner stated that trial counsel told him that there was "nothing [he] can do for" the petitioner, that the State was not going to reduce the charges, and that the petitioner's co-defendant was "going to get the same treatment." The petitioner conceded that, at the plea submission hearing, he had agreed that he had voluntarily decided to accept the plea agreement. In response to the question of why his pleas were involuntary,

the petitioner responded that he had allowed trial counsel to coerce him into pleading guilty and that he had "said a lot of things that [he] didn't mean." The post-conviction court then interjected, asking the petitioner if he had "committed perjury when [the trial court] swore [him] in under oath and took [his] guilty plea," and the petitioner responded in the affirmative.

With respect to the petitioner's claim of ineffective assistance of counsel, the petitioner testified that he encouraged trial counsel to seek a suppression hearing on the basis of an illegal search warrant. To the best of the petitioner's knowledge, no motion to suppress was ever filed. The petitioner confirmed that he never took part in a hearing on a motion to suppress. The petitioner testified that trial counsel never provided him with a copy of his discovery materials and that if he had received the materials prior to the plea submission hearing, he would not have entered a guilty plea.

On cross-examination, the petitioner admitted that he was guilty of possession of the firearm, that he was a convicted felon, and that, due to his prior criminal history, he was a Range II offender. The petitioner also admitted that he had written a letter to his co-defendant, Lasondra King, who also happened to be the mother of his child, while he was incarcerated. In that letter, the petitioner requested that Ms. King ask her nephew, Ivan Davenport, to sign an affidavit taking responsibility for the drugs. The petitioner included with the letter a handwritten affidavit for Mr. Davenport's signature. Through the petitioner's testimony, the State introduced into evidence copies of both the letter and the affidavit.

Trial counsel testified that it was his practice to review discovery materials with each client. Although trial counsel could not recall with any specificity reviewing the materials with the petitioner, he stated that he "could not have put forth a plea without going over" the discovery materials and that he did recall the petitioner's "concerns about a search warrant." Trial counsel filed a motion to suppress on the basis of an illegal arrest, but he chose not to pursue a hearing on the matter, explaining as follows:

The prosecutors that I was dealing with at the time, it was the policy that if you set a matter for a hearing any offer you have would be taken off the table. And if we had a hearing, then there would be no offer, we would be going forward to trial.

Trial counsel related this information to the petitioner "[t]o the best of [his] recollection."

Trial counsel recalled the petitioner's mentioning that Mr. Davenport would claim responsibility for the drugs. Shortly thereafter, trial counsel learned that Ms. King's attorney had provided to the State copies of both the petitioner's letter and the

- 3 -

affidavit intended for Mr. Davenport. Trial counsel stated that the State "was less agreeable to try to resolve anything at that point because the prosecutor informed me that Ms. King would be testifying." Trial counsel was unable to speak to Mr. Davenport, and he could not speak to Ms. King because she was represented by counsel. Trial counsel was "concerned with [the petitioner's] exposure if [the case] did go to trial" because "based on everything [trial counsel] had it would [have] been a difficult trial to carry the day."

In the post-conviction court's order denying post-conviction relief, the court found that the petitioner failed to prove ineffective assistance of counsel and failed to prove that his guilty plea was not knowingly and voluntarily made:

> Petitioner claims that he was "coerced" into pleading guilty by his attorney because he repeatedly advised him that if he went to trial he was facing the possibility of a considerably longer sentence. However, Petitioner articulated no action on the part of his attorney that would amount to coercion. Trial counsel did nothing improper in urging his client to plead guilty and by pointing out the obvious. Trial counsel was entitled to use fair persuasion with his client on this issue. He made no misrepresentations and his conduct did not constitute undue influence. There has been no showing of deficient performance. Petitioner's guilty plea was knowing, intelligent and voluntary.

> With regard to the claim that his attorney provided ineffective assistance of counsel with respect to the guilty plea, the Petitioner claims he was not aware of the contents of the search warrant that resulted in the discovery of the drugs in the present case. He can cite no legal deficiency in the warrant, but merely claims had he known its content he would not have pled guilty. In large part, this allegation hinges on the credibility of the Petitioner's testimony in the post-conviction hearing. Petitioner admitted in the post-conviction hearing that he committed perjury during his guilty plea colloquy and now asks this Court to conclude that his testimony in the post-conviction hearing is credible. In addition to his acknowledged and admitted perjury, Petitioner was a Range II, Multiple Offender prior to his guilty pleas in the present case. As such, his testimony is subject to impeachment under Tenn. R. Evid. 609. Against this

backdrop, and having viewed Petitioner's testimony in the post-conviction hearing, this court simply does not believe the Petitioner's testimony. It is clear that Petitioner is simply willing to say whatever he thinks is necessary to obtain relief from his convictions. This court accredits the testimony of [trial counsel] that it is his standard practice to share discovery with his clients. Although [trial counsel] had no independent memory of this particular case, this court does not accredit the testimony of the Petitioner that he did not know of the contents of the search warrant. As such, this court finds no deficient performance. Further, for sake of argument, even if Petitioner was not aware of the exact contents of the search warrant, his testimony that he would not have pled guilty knowing the discrepancies in the factual allegations of the warrant is also not worthy of belie[f] considering his admitted perjury, his multiple felony convictions and his demeanor on the stand in the present hearing. Petitioner is unable to establish any deficiency or illegality to the warrant, and his testimony that had he known its contents he would not have pled guilty is simply not believed by this court.

In this appeal, the petitioner reiterates his claims of ineffective assistance of counsel and involuntary guilty pleas, claiming that trial counsel performed deficiently by failing to challenge the search warrant and by repeatedly insisting that the petitioner plead guilty. The State contends that the post-conviction court did not err by denying relief.

We review the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

Before a petitioner will be granted post-conviction relief based upon a claim of ineffective assistance of counsel, the record must affirmatively establish, via facts clearly and convincingly established by the petitioner, that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and that counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When considering a claim of ineffective assistance of counsel, a reviewing court "begins with the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all significant decisions," *Kendrick v. State*, 454 S.W.3d at 458 (citing *Strickland*, 466 U.S. at 689), and "[t]he petitioner bears the burden of overcoming this presumption," *id.* (citations omitted). We will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Apart from whether a guilty plea is the product of ineffective assistance of counsel, it is invalid if otherwise made unknowingly or involuntarily. "Whether a plea was knowing and voluntary is an issue of constitutional dimension because '[t]he due process provision of the federal constitution requires that pleas of guilty be knowing and voluntary.'" *State v. Wilson*, 31 S.W.3d 189, 194 (Tenn. 2000) (quoting *Johnson v. State*, 834 S.W.2d 922, 923 (Tenn. 1992)). A plea "may not be the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Wilson*, 31 S.W.3d at 195 (quoting *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969)); *see also State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003) (citing *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993)).

A claim of ineffective assistance of counsel is a mixed question of law and fact, *see Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015), as is a claim of involuntary guilty plea. *See Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010); *State v.*

*Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Kendrick*, 454 S.W.3d at 457; *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In our view, the record fully supports the ruling of the post-conviction court. The record of the guilty-plea submission hearing and the explicitly accredited testimony of the petitioner's trial counsel, as well as the explicitly discredited testimony of the petitioner, evince the petitioner's understanding of the proceedings and his willingness to enter into the plea agreement. Moreover, the record amply demonstrates that trial counsel rendered effective assistance in representing the petitioner.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE