IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 13, 2018

## CARLOS PRATHER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 15-00459     Chris Craft, Judge**

---

### No. W2017-01591-CCA-R3-PC

---

The petitioner, Carlos Prather, appeals the denial of post-conviction relief from his 2015 Shelby County Criminal Court guilty-pleaded convictions of vandalism of property valued at $1,000 or more but less than $10,000, for which he received an effective sentence of 10 years. In this appeal, the petitioner contends that his guilty pleas were not knowingly and voluntarily entered and that he was denied the effective assistance of counsel. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Terrell L. Tooten, Memphis, Tennessee, for the appellant, Carlos Prather.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jose Leon, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On July 28, 2015, the petitioner entered pleas of guilty to two counts of vandalism of property valued at $1,000 or more but less than $10,000, in exchange for concurrent 10-year sentences as a Range III, persistent offender, to be served on supervised probation. The transcript of the guilty plea colloquy contains the following factual summary of the offense:

> Had this matter gone to trial[, the] State's proof would be that on October 28, 2014 in the early morning hours officers with the Memphis Police Department responded to a

call at 3224 Clearbrook. They were met with the victim, Debra Mason[,] who is neighbors with [the petitioner].

She advised she heard glass breaking and when she looked outside her residen[ce] she observed her neighbor, [the petitioner], staggering with a large rock. [Ms.] Mason advised that she observed the suspect throw the rock through her carport storm door breaking the glass in the lower part of the door, then pick up a rock and bust the front and rear window of victim, Terrance Simmons['] 2006 Mercedes ML350.

The suspect picked up another large rock throwing it through the front and window of her 2006 Lincoln. [Mr.] Simmons advised that he also observed [the petitioner] damaging the vehicles wearing a black shirt with writing on the front and back and black jeans.

The suspect ran into the residence next door at 3212 Clearbrook. [Ms.] Mason had an Order of Protection with the [petitioner] at the time of this event. The [petitioner's] sister, Rhonda McAllen[,] advised that her brother was wearing the same clothing as described by [Mr.] Simmons. All these events happened here in Shelby County.

The defense stipulated to the facts as presented but added that the petitioner had a "mental health history" and was "off his medication" at the time of the vandalism. Trial counsel informed the court that the petitioner was "back on his medication" and that the petitioner advised counsel that "he understands everything."

The guilty plea hearing transcript evinces that the trial court conducted a thorough Tennessee Rule of Criminal Procedure 11(b) colloquy with the petitioner. In the colloquy, the trial judge informed the petitioner of the nature and sentencing range of each charge, and the petitioner indicated his understanding of the potential sentencing. The petitioner also confirmed that he had consulted with trial counsel about his decision to plead guilty and that he had freely and voluntarily made the decision to accept the plea agreement. In response to the trial court's questioning, the petitioner stated that he had a ninth-grade education and that he "[s]ort of" had trouble reading.

On March 9, 2016, the petitioner filed, pro se, a petition for post-conviction relief, alleging, *inter alia*, that he was deprived of the effective assistance of counsel and

that his guilty pleas were involuntary. Following the appointment of counsel and the amendment of the petition, the post-conviction court conducted an evidentiary hearing.

At the evidentiary hearing, trial counsel testified that he had practiced criminal law exclusively for 25 years. Because counsel was aware that the petitioner had a history of mental health problems, he requested a mental health evaluation, but the evaluation revealed that the petitioner was competent. The petitioner's mental health records revealed that he suffered from auditory hallucinations and that, at one time, he was undergoing treatment for a "psychoaffective disorder." Trial counsel was aware that the petitioner had taken a number of prescribed medications to treat his mental conditions. Trial counsel recalled that the petitioner was on medication at the time of his guilty plea submission hearing, but counsel was unsure which medication or medications the petitioner was taking at that time.

Had the petitioner proceeded to trial, the only defense strategy that counsel could employ was the possibility that the damage to the victims' vehicles was less than charged in the indictment. Trial counsel conceded that the value was based on the petitioner's estimation and that counsel had not attempted to validate the value of the property damage because he was focused on the petitioner's mental health status and the petitioner's desire to avoid jail through admission into a mental health program.

With respect to the State's plea offer of 10 years, trial counsel stated that he did not believe he "could do better than the 10 years" and that he was attempting to comply with the petitioner's stated desire to "keep him out of jail" and "get him on a program." Trial counsel was eventually successful in securing the petitioner's eligibility for the Jericho Project, at which time the petitioner agreed that "this would be the best route for him to" take, and the petitioner subsequently entered his guilty plea.

The petitioner testified that he was, at that time, on a lesser amount of medication than he was taking at the time of his guilty plea submission hearing, but the petitioner did not testify about the type or dosage amount of medication. The petitioner initially denied understanding what was occurring during the plea submission hearing but then corrected himself, stating that he "couldn't quite say [that he] didn't understand" and insisted that he was simply "taking the good advice from" trial counsel. The petitioner agreed that counsel had kept him out of jail and managed to get him into a program, but the petitioner complained that he should have received a lesser plea offer, despite that he had several prior felony convictions.

In the post-conviction court's comprehensive order denying post-conviction relief, the court found that the petitioner failed to prove that he was deprived of the effective assistance of counsel or that his guilty pleas were not knowingly and voluntarily

made. With respect to the voluntariness of his plea, the court made the following findings:

> This court established that the petitioner had trouble reading early in the plea *voir dire* and so was careful to explain all of the petitioner's rights to him during the plea. The fact that the petitioner was on his medication during the plea was a good thing, not a bad one. If the petitioner had not been on his medication, this court would have reset his case for another day after insuring he was properly medicated. The petitioner never testified that he did not understand the consequences of the plea, instead testifying that "I couldn't quite say I didn't understand," and "I just wanted to get out of jail." This court finds not credible the petitioner's testimony that he just said yes to everything this court asked him during the plea *voir dire*. Several questions were asked of the petitioner to which he answered "no." The consequences of the plea agreement, and the fact that if he violated his probation he could not ask for probation again, were thoroughly explained to him. His testimony that he "just said yes" lacks credibility. The court finds this allegation is without factual merit.

In this appeal, the petitioner reiterates his claims of ineffective assistance of counsel and involuntary guilty pleas, claiming that trial counsel performed deficiently by failing to determine the petitioner's competency to enter a guilty plea and by failing to investigate the value of the vandalized property and that petitioner's medicated state rendered his pleas involuntary. The State contends that the post-conviction court did not err by denying relief.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

- 4 -

Before a petitioner will be granted post-conviction relief based upon a claim of ineffective assistance of counsel, the record must affirmatively establish, via facts clearly and convincingly established by the petitioner, that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and that counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When considering a claim of ineffective assistance of counsel, a reviewing court "begins with the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all significant decisions," *Kendrick v. State*, 454 S.W.3d 450, 458 (Tenn. 2015) (citing *Strickland*, 466 U.S. at 689), and "[t]he petitioner bears the burden of overcoming this presumption," *id.* (citations omitted). We will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Apart from whether a guilty plea is the product of ineffective assistance of counsel, it is invalid if otherwise made unknowingly or involuntarily. "Whether a plea was knowing and voluntary is an issue of constitutional dimension because '[t]he due process provision of the federal constitution requires that pleas of guilty be knowing and voluntary.'" *State v. Wilson*, 31 S.W.3d 189, 194 (Tenn. 2000) (quoting *Johnson v. State*, 834 S.W.2d 922, 923 (Tenn. 1992)). A plea "may not be the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Wilson*, 31 S.W.3d at 195 (quoting *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969)); *see also State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003) (citing *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993)).

A claim of ineffective assistance of counsel is a mixed question of law and fact, *see Kendrick*, 454 S.W.3d at 457, as is a claim of involuntary guilty plea, *see Lane v.*

*State*, 316 S.W.3d 555, 562 (Tenn. 2010); *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Kendrick*, 454 S.W.3d at 457; *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In our view, the record fully supports the ruling of the post-conviction court. The record of the guilty-plea submission hearing and the explicitly discredited testimony of the petitioner evince the petitioner's understanding of the proceedings and his willingness to enter into the plea agreement. The petitioner offered nothing, aside from his bald assertions, about his medicated state during his plea submission hearing. This court has repeatedly held that "a petitioner's bare allegations, unsupported by medical testimony, about the use of psychiatric drugs was insufficient to support a claim that his guilty plea was not knowingly and voluntarily entered." *Darrell Wayne Bumpas v. State*, No. M2010-00222-CCA-R3-PC, slip op. at 10 (Tenn. Crim. App., Nashville, Dec. 14, 2010) (citations omitted); *see also Ronnie Hughes v. State*, No. W2015-02131-CCA-R3-PC, slip op. at 9 (Tenn. Crim. App., Jackson, Jan. 31, 2017), *perm. app. denied* (Tenn. June 7, 2017). With respect to the petitioner's claims of ineffective assistance of counsel, the petitioner offered no expert proof to support his claim of diminished capacity, and he offered no proof to establish the purported lesser value of the vandalized vehicles. Thus, the petitioner failed to prove by clear and convincing evidence any facts that demonstrate that trial counsel's representation was deficient or prejudicial.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE